**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

                                                              Case No: 8:19-bk-06613-MGW

Raymond Joseph Yosuico                               Chapter 7
Isabella Adele Yosuico

DEBTORS.               /

**MOTION TO SELL REAL PROPERTY AND**
**PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS**
**(1236 Pious Ridge Road, Berkeley Springs, WV 25411)**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST A HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

      COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through the undersigned counsel, and hereby moves for authority to sell certain improved real property, to pay secured creditors and transactional costs, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On July 15, 2019, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

6. The Debtors own real property, by virtue of a deed, located at 1236 Pious Ridge Road, Berkeley Springs, WV 25411, more particularly known as:

PARCEL NUMBER ONE

BEGINNING at a point in the center of the Pious Ridge Road (W.Va. County Route 4), being the southwest corner of Ira M. Manley (Db. 84 Pg. 702); thence, leaving the road and running with Manley's south line, S. 38° 13' 22" E., 20.00 feet to a 5/8 inch rebar, found, and continue same course, 533.16 feet (in all 553.16 feet) to a 5/8 inch rebar, set, in said line, being the northwest corner of a 1.82 acre parcel conveyed to Eva Lavina Fox (Db. 132, Pg. 260); thence, with said Fox, S. 39° 47' 42" W., 252.92 feet to a 5/8 inch rebar, set, at the east side of the Pious Ridge Road, and continue same course, 20.00 feet (in all 520.96 feet) to a point in the center of the road; thence, with the center of said road, N. 34° 53' 50" E., 296.00 feet to the point of beginning, containing 3.30 acres, as surveyed by Wayne G. Stotler, L.L.S. On May 11, 1985 and shown on Plat No. 85052, attached to the deed hereinafter referenced.

PARCEL NUMBER TWO

BEGINNING at a 5/8 inch rebar, found, corner to the original tract of Andrew E. Orebaugh (Db. 142 Pg. 723) of which this survey is part, and Gerald E. Maybach (Db. 139 Pg. 521), and in the line of Ira Manley (Db. 84 Pg. 702); thence, with the original tract and said Manley, S. 46° 15' 09" E., 104.91 feet to a 5/8 inch rebar, set; thence extending into the, original tract, S. 31° 44' 08" W., 205.90 feet to a 5/8 inch rebar, set; thence, N. 50° 10' 09" W., 103.64 feet to a point in the line of the original tract and said Maybach; thence, with same N. 31° 44' 08" E., 213.14 feet to the point of beginning and containing 0.494 acres as surveyed by Michael M. Crawford, L.L.S., on August 19, 1988 as shown on plat No. 88145, attached to the deed hereinafter referenced.

LESS, EXCEPTING AND RESERVING that certain 0.165 acre parcel conveyed unto Andrew E. Orebaugh, by Gerald E. Maybach and Frances U. Maybach, by deed dated September 15, 1988, of record in the aforesaid Clerk's Office in Deed Book No. 147 at Page 793.

BEING the same real estate conveyed unto Isabella Campolattaro Yosuico and Raymond J. Yosuico, by Isabella Campolattaro Yosuico, by deed dated July 13, 2004, filed of record in the Office of the Clerk of the County Commission of Morgan County, West Virginia, in Deed Book No. 209 at page 502.

(hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

   a. A deed of trust from the Debtors to Douglas McElwee, Trustee dated April 10, 2012, filed for record in Deed of Trust Book 37, Page 368; which was later assigned in Book 16 at Page 260, and again assigned in Book 16 at Page 418, and now serviced by Shellpoint Mortgage Servicing ("Shellpoint Mortgage").

8. The Trustee has accepted an offer from Ian Masters and Katelyn Masters (the Buyer(s)) to purchase the Property for the gross sale price $ 181,500.00, subject to the approval of the secured creditors and the court, as payment in full.  The Trustee believes it is a fair offer for the current economy, the condition of the Property, and the length of time the Property has remained on the market.

9. Any current real property taxes will be paid prorated.

10. The gross sale price of $ 181,500.00, net the closing costs is estimated to be enough to satisfy the outstanding liens, as agreed to by the secured creditors, that encumber the property and net the estate at least $20,000.00.  If the secured creditors no longer consent to their proposed treatment they are hereby on notice that they need to object to the proposed sale of the Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## **CONCLUSION**

13. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the gross sum of $181,500.00 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Buyer, or its assigns, or ultimate purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes, Ambulance Fees, and Fire Fees, pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages (if any); and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
6% of base sale price to Keller Williams Realty Eastern Panhandle $ 10,890.00*
*this commission is intended to be shared with a cooperating agent / negotiator.

| | |
|---|---|
| Title Charges: | $ 250.00 |
| Government recording / transfer charges: | $ 1,417.55 |
| Satisfaction of Liens: | |
|     Shellpoint Mortgage | $ 142,000.00 |
| Municipal Lien Search: | $ 400.00 |
| Closing Coordination: | $ 395.00 |
| Recording Cost of Order Granting Motion to Sell: | $ 100.00 |
| Trustee Liability Insurance: | $ 650.00 |
| 2019 Ambulance Fee: | $ 179.00 |
| Closing Attorney Fee: | $ 200.00 |
| Wire Payoff Fee: | $ 15.00 |

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration, and

    D. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, & Boyle, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328
rdauval@leavenlaw.com
kburke@leavenlaw.com

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2020, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to:
U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov;
Debtor's Attorney, Samantha L. Dammer, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for New Residential Mortgage, LLC c/o ReShaundra M. Suggs, Esq. and Trustee, Stephen L. Meininger; and a copy by U.S. Mail will be furnished to Debtors, Raymond and Isabella Yosuico, 1704 Lake Cypress Dr., Safety Harbor, FL 34695.

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this July 22, 2020.

/s/ Richard M. Dauval, Esquire  
Richard M. Dauval, Esq.