ORDERED.

Dated:  November 17, 2020

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Raymond Joseph Yosuico
Isabella Adele Yosuico

Case No:  8:19-bk-06613-MGW
Chapter 7

DEBTORS.                    /

ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(1236 Pious Ridge Road, Berkeley Springs, WV 25411)

THIS CASE came on for consideration of Chapter 7 Trustee, Stephen Meininger's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs* (the "Motion") (Dkt. No. 43).  The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED and the sale to Ian Masters and Katelyn Masters, their assigns, or any ultimate purchaser ("Buyer(s)"), is approved.

3. The Trustee is authorized to sell the real property located at 1236 Pious Ridge Road, Berkeley Springs, WV 25411, and more specifically known as:

PARCEL NUMBER ONE

BEGINNING at a point in the center of the Pious Ridge Road (W.Va. County Route 4), being the southwest corner of Ira M. Manley (Db. 84 Pg. 702); thence, leaving the road and running with Manley's south line, S. 38° 13' 22" E., 20.00 feet to a 5/8 inch rebar, found, and continue same course, 533.16 feet (in all 553.16 feet) to a 5/8 inch rebar, set, in said line, being the northwest corner of a 1.82 acre parcel conveyed to Eva Lavina Fox (Db. 132, Pg. 260); thence, with said Fox, S. 39° 47' 42" W., 252.92 feet to a 5/8 inch rebar, set, at the east side of the Pious Ridge Road, and continue same course, 20.00 feet (in all 520.96 feet) to a point in the center of the road; thence, with the center of said road, N. 34° 53' 50" E., 296.00 feet to the point of beginning, containing 3.30 acres, as surveyed by Wayne G. Stotler, L.L.S. On May 11, 1985 and shown on Plat No. 85052, attached to the deed hereinafter referenced.

PARCEL NUMBER TWO

BEGINNING at a 5/8 inch rebar, found, corner to the original tract of Andrew E. Orebaugh (Db. 142 Pg. 723) of which this survey is part, and Gerald E. Maybach (Db. 139 Pg. 521), and in the line of Ira Manley (Db. 84 Pg. 702); thence, with the original tract and said Manley, S. 46° 15' 09" E., 104.91 feet to a 5/8 inch rebar, set; thence extending into the, original tract, S. 31° 44' 08" W., 205.90 feet to a 5/8 inch rebar, set; thence, N. 50° 10' 09" W., 103.64 feet to a point in the line of the original tract and said Maybach; thence, with same N. 31° 44' 08" E., 213.14 feet to the point of beginning and containing 0.494 acres as surveyed by Michael M. Crawford, L.L.S., on August 19, 1988 as shown on plat No. 88145, attached to the deed hereinafter referenced.

LESS, EXCEPTING AND RESERVING that certain 0.165 acre parcel conveyed unto Andrew E. Orebaugh, by Gerald E. Maybach and Frances U. Maybach, by deed dated September 15, 1988, of record in the aforesaid Clerk's Office in Deed Book No. 147 at Page 793.

BEING the same real estate conveyed unto Isabella Campolattaro Yosuico and Raymond J. Yosuico, by Isabella Campolattaro Yosuico, by deed dated July 13, 2004, filed of record in the Office of the Clerk of the County Commission of Morgan County, West Virginia, in Deed Book No. 209 at page 502.

(the "Real Property"),

to Buyer(s) for the gross sale price $ 181,500.00, or other amount agreeable to all parties, subject to the approval of Shellpoint Mortgage, as payment in full, and as specifically identified and described in the Motion.

4. The Trustee is authorized to pay, as further authorized in paragraph 6 below, the following undisputed lien(s) or claim(s) at closing of the sale, or other amount agreeable to all parties:

    Shellpoint Mortgage    $ 142,000.00

5. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments for the benefit of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or

appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

Total Sales/Brokers Commission:
6% of base sale price to Keller Williams Realty Eastern Panhandle $ 10,890.00*
*this commission is intended to be shared with a cooperating agent / negotiator.

| | |
|---|---|
| Title Charges: | $ 250.00 |
| Government recording / transfer charges: | $ 1,417.55 |
| Satisfaction of Liens: | |
|     Shellpoint Mortgage | $ 142,000.00 |
| Municipal Lien Search: | $ 400.00 |
| Closing Coordination: | $ 395.00 |
| Recording Cost of Order Granting Motion to Sell: | $ 100.00 |
| Trustee Liability Insurance: | $ 650.00 |
| 2019 Ambulance Fee: | $ 179.00 |
| Closing Attorney Fee: | $ 200.00 |
| Wire Payoff Fee: | $ 15.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above and in paragraph 4 so long as they are within industry standard, and with the consent of all parties.

7. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8. This Court retains jurisdiction to enforce and implement the terms and provisions

of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

9. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

10. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.